UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:  Case No. 8:21-bk-02521-CED

MORTGAGE INVESTORS CORPORATION,  Chapter 7
 a/k/a Veteran Home Loans,
 a/k/a Veterans Information Department,

        Debtor.
_____/

## MOTION TO REFER CASE TO MEDIATION

BETH ANN SCHARRER (the "Trustee"), as Chapter 7 Trustee of the bankruptcy estate of MORTGAGE INVESTORS CORPORATION (the "Debtor"), by counsel, hereby files her *Motion To Refer Case To Mediation* pursuant to Local Rule 9019-2(i), and states in support thereof as follows:

1. For more than a decade, the primary parties in this case (Debtor, Debtor's majority shareholder, and Plaintiff Relators[1] Victor E. Bibby and Brian J. Donnelly), have been embroiled in complex[2] and high-stakes[3] litigation styled *United States of America ex rel. Victor E. Bibby and Brian J. Donnelly v. Mortgage Investors Corporation and William L. "Bill" Edwards,* Case Number 1:12-cv-04020-AT (N.D. Ga.) (the "FCA Action").

2. In the FCA Action, the Plaintiff Relators allege that the Debtor made fraudulent certifications and representations to the Government in connection with a United States Department of Veteran Affairs ("VA") mortgage refinancing program. Specifically, they claim

---

[1] The Government had approximately 5 years and 4 months to investigate and intervene in the FCA Action but, chose not to intervene.
[2] The complexity of the FCA Action is evidenced by the district court's order granting defendants' motion for summary judgment in its entirety, the Eleventh Circuit's opinion reversing the order on the issue of materiality, and the Supreme Court's denial of defendants' petition for writ of certiorari (all of which are attached hereto as *Composite Exhibit 1*).
[3] Plaintiff Relators seek over $150 million in damages from the Debtor.

124522668.1

that the Debtor charged unallowable loan closing fees to veterans who were refinancing their mortgage loans through the VA program. They contend that the Debtor evaded VA regulations by concealing these unallowable fees within allowable loan closing charges.

3. Concerned that any judgment entered against the Debtor in the FCA Action would be uncollectible, the Plaintiff Relators have also sought to pierce the Debtor's corporate veil in order to impose such potential liability on the Debtor's majority shareholder (William L. Edwards). They contend that Edwards dominated the Debtor's operations, forced it to ignore corporate formalities, and "looted" the company of most of its assets in order to evade a judgment in the FCA Action.

4. Approximately two months after the Eleventh Circuit issued its opinion reversing the summary judgment order in part, the district court set the FCA Action for a 2 week and 3 day bench trial commencing on October 18, 2021 (the "Trial Date").

5. On May 7, 2021, the parties filed their Witness Lists in the FCA Action.[4] Plaintiff Relators indicated they intend to call 7 to 8 witnesses to provide live testimony and to play selected portions of video depositions of 12 additional witnesses. The Debtor and Edwards indicated they intend to call 13 witnesses to provide live testimony and to present deposition testimony excerpts of 6 additional witnesses.

6. On May 14, 2021 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 Petition.

7. On June 1, 2021, the Plaintiff Relators filed a *Motion For Relief From The Automatic Stay* (Doc. 22 - the "Stay Relief Motion") so they could proceed with the trial of the FCA Action against the Debtor and Edwards.[5]

---

[4] The Witness Lists are attached hereto as *Composite Exhibit 2*.
[5] The briefing on the Stay Relief Motion includes Doc. Nos. 25, 29-30, 40, and 47.

8. Regardless of whether the Stay Relief Motion is granted, the Trial Date may not proceed as scheduled. In response to inquiries from the district court, the parties provided alternative availability for trial in the January through March 2022 time-frame.[6]

9. On June 24, 2021, this Court entered an *Order Converting Case From Chapter 11 To Chapter 7* (Doc. 54 - the "Conversion Order"). The Conversion Order referenced the appointment of Beth Ann Scharrer as Chapter 7 Trustee[7], the scheduling of an additional meeting of creditors on July 22, 2021, and the September 2, 2021 deadline for filing proofs of claim in the Debtor's estate.

10. On June 29, 2021, the Court entered an Order approving the Trustee's Application to Employ Counsel.[8]

11. Since her appointment, the Trustee has had several conference calls with the Plaintiff Relators, Debtor, and Edwards.

12. As a result of those communications, the Trustee determined that the Plaintiff Relators would be willing to participate in a global mediation if the Debtor and Edwards agreed to make an initial settlement offer and provide additional financial disclosures prior to the mediation session. The Debtor and Edwards have also indicated they are willing to participate in a global mediation and have agreed to the foregoing conditions.

13. The parties have selected R. Scott Shuker, Esq. of Shuker & Dorris, P.A. as mediator.

---

[6] Plaintiff Relators' notice of trial availability is attached hereto as *Exhibit 3*.
[7] By virtue of her appointment, the Trustee obtained exclusive standing to administer property of the Debtor's estate. *See, e.g., Oswalt v. Sedgwick Claims Management Services, Inc.*, 624 F. App'x 740, 741 (11th Cir. 2015); *Romagosa v. Thomas (In re Van Diepen, P.A.)*, 236 F. App'x 498, 502 - 503 (11th Cir. 2007); *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004); *Baillie Lumber Co., LP v. Thompson (In re Icarus Holding, LLC)*, 391 F.3d 1315 (11th Cir. 2004); *Sidney v. Ragucci (In re Ragucci)*, 433 B.R. 889, 897 (Bankr. M.D. Fla. 2010); *In re Zwirn*, 362 B.R. 536, 539 (Bankr. S.D. Fla. 2007); *Surf N Sun Apts., Inc. v. Dempsey*, 253 B.R. 490 (M.D. Fla. 1999).
[8] Doc. 59.

124522668.1

14. Mr. Shuker confirmed he does not have a conflict of interest that would preclude his service as mediator in this case and has provided the following dates of availability for a mediation session in Tampa, Florida: July 23, July 26 through July 29, August 2 through August 5, and August 9 through 11.

15. Mr. Shuker is well-suited to facilitate a settlement dialogue between the parties which may result in the narrowing or resolution of issues in this case and the FCA Action.

16. Local Rule 9019-2(i) states that "[a]ny pending case, proceeding, or contested matter may be referred to mediation by the Court at such time as the Court may determine to be in the interests of justice. The parties may request the Court to submit any pending case, proceeding, or contested matter to mediation at any time."

17. The Trustee submits that a referral of this case to mediation is in the interests of justice because a narrowing or resolution of the issues would conserve substantial judicial resources. Absent mediation, the FCA Action may proceed to a lengthy trial before the United States District Court for the Northern District of Georgia, an appeal would likely follow to the United States Court of Appeals for the Eleventh Circuit, post-judgment collection proceedings may commence in Georgia and Florida, and this case (and perhaps others) would proceed in this Court.

18. For the foregoing reasons, the Trustee respectfully requests the Court to enter an Order referring this case to mediation pursuant to Local Rule 9019-2(i).[9]

WHEREFORE, the Trustee respectfully requests the Court to enter an Order referring this case to mediation and for such other and further relief as the Court may deem just and proper.

---

[9] A proposed order is attached hereto as *Exhibit 4* for the Court's consideration.

124522668.1

Respectfully submitted,

FOX ROTHSCHILD LLP
*Special Counsel to the Trustee*
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2750
Miami, FL 33131
Telephone: (305) 442-6543
Telecopier: (305) 442-6541

By: /s/ Robert F. Elgidely
    Robert F. Elgidely, Esq.
    Florida Bar No. 111856
    E-Mail: relgidely@foxrothschild.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 16, 2021, I electronically filed the foregoing *Motion To Refer Case To Mediation* with the Clerk of the Court using the CM/ECF System. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means and a copy was also served via first class mail on all parties identified on the attached Service List who are not registered users of the Court's CM/ECF system.

By:/s/ Robert F. Elgidely
    Robert F. Elgidely, Esq.

5

124522668.1